OPINION
Defendant-appellant David Hoit appeals the October 17, 2001 Judgment Entry of the Guernsey County Court of Common Pleas, which granted a civil protection order against appellant, and in favor of plaintiff-appellee Kristy Ferdon.
 STATEMENT OF THE FACTS AND CASE
On August 13, 2001, appellee filed a petition for a civil protection order pursuant to R.C. 2903.214. On August 21, 2001, a magistrate conducted a hearing on the petition. At the close of the hearing, the magistrate issued a decision which concluded appellant had knowingly caused appellee mental distress due to his pattern of conduct. The magistrate recommended the trial court issue a stalking civil protection order.
Appellee brought this action because she claimed appellant sent a number of unwanted cards, letters, and flowers, along with some sexually explicit songs to her home address. Appellant was warned on more than one occasion to stop sending such correspondence, both by appellant's workplace supervisor, and by the Cambridge Police Department. Unfortunately, appellant persisted.
At the hearing, appellee testified appellant's conduct from April 11, 2001, through August 10, 2001, caused her to be in fear for herself and her property. Appellee would often see appellant at her workplace, a nursing home. Appellant's mother had been a resident at the nursing home. Although appellee was upset, appellant continued to appear at her workplace. Appellee conceded appellant had a legitimate purpose to be there.
Appellee testified she believed appellant had followed her home from work in order to obtain her address. Therefore, she was afraid to go out of the house by herself, afraid to answer the phone, and had decided to carry a cell phone and pepper spray since appellant began his conduct in April. Appellee asked co-workers to walk her to her car every night, and testified she became physically sick to her stomach due to the stress involved in the constant unwanted attention from appellant. As a result of these bouts of physical illness, appellee missed time from work.
Appellant also testified at the hearing. Appellant agreed he had sent letters and songs to appellee but testified he only wanted to have a relationship with her. He did not mean to scare her or cause her any harm. Appellant conceded he was attempting to have a relationship with appellee when he visited the nursing home. He also admitted he visited the nursing home even after he moved his mother to a different facility.
However, appellant also testified he stopped the unwanted attention after he had been advised to do so. He maintained he did not send appellee flowers after he had been advised to stop contacting her. Appellant was aware of these floral deliveries, but testified the flowers were actually sent by two of his old friends. Appellant testified he had not seen these two friends in over fifteen years, and was not aware how to reach them.
On September 11, 2001, the magistrate filed a decision recommending the trial court issue a stalking civil protection order against appellant. On September 25, 2001, appellant filed objections to the magistrate's decision. The trial court conducted a hearing on the objections on October 10, 2001. In an October 17, 2001 Judgment Entry, the trial court overruled appellant's objections to the magistrate's decision and issued the civil protection order against appellant.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 "I. THE TRIAL COURT ERRED IN THAT THE RECORD DOES NOT CONTAIN SUFFICIENT EVIDENCE TO WARRANT THE ISSUANCE OF THE CIVIL PROTECTION ORDER PURSUANT TO R.C. 2903.214, AND THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I.
In appellant's sole assignment of error, he maintains there was insufficient evidence to grant a civil protection order pursuant to R.C.2903.214, and that even if sufficient evidence existed, the trial court's decision was against the manifest weight of the evidence. We disagree.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279
R.C. 2903.214 governs the issuance of civil protection orders. The statute states, in relevant part,
 "(C) A person may seek relief under this section * * * by filing a petition with the court. The petition shall contain or state both of the following:
 "(1) An allegation that the respondent engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order, * * *"
R.C. section 2903.211 defines menacing by stalking. The statue provides, in relevant part:
 "(A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
"* * *
 "(2) "Mental distress" means any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment."
In its October 17, 2001 Judgment Entry, the trial court found appellee's affidavit and testimony demonstrated that she became physically sick and afraid due to appellant's conduct. The trial court found appellee's state to constitute a temporary substantial incapacity, meeting the definition of mental distress. We agree.
As stated above, the testimony also demonstrated appellant continued to attempt to contact appellee after being instructed not to do so. Interestingly, the magistrate specifically found appellant's testimony the flowers sent to appellee by friends he had not seen in years, to be less than credible. In light of the testimony, we find there was sufficient, competent and credible evidence upon which the trial court could conclude it was appropriate to grant a civil protection order.
Accordingly, appellant's sole assignment of error is overruled.
The October 17, 2001 Judgment Entry of the Guernsey County Court of Common Pleas is affirmed.
HOFFMAN, J., FARMER, P.J., and BOGGINS, J. concur.